**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MAUREEN WEEKS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civ. A. No. 3:14-cv-30097-MGM |
| : | |
| LOWER PIONEER VALLEY : | |
| EDUCATIONAL COLLABORATIVE, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUR-REPLY**

With this Court's express permission, granted during oral argument on October 15, 2015, Defendant, Lower Pioneer Valley Educational Collaborative ("LPVEC"), by its undersigned counsel, hereby moves the Court to strike the sur-reply memorandum and attached exhibits filed by Plaintiff Maureen Weeks ("Plaintiff") on October 2, 2015 (*see* Doc. 46), and also moves for an award of the attorneys' fees LPVEC incurred making this motion.

**I.   PROCEDURAL HISTORY**

Plaintiff filed her Complaint in this case on May 28, 2014, asserting claims of age discrimination, harassment and retaliation under both state and federal law. (*See* Doc. 1.) LPVEC filed an Answer (Doc. 8) and the parties then engaged in discovery until early May 2015. On June 26, 2015, LPVEC filed its Motion for Summary Judgment (Doc. 27), supporting Memorandum of Law (Doc. 28), and accompanying Statement of Undisputed Material Facts (Doc. 29). LPVEC attached 65 exhibits to its 78-paragraph Statement of Undisputed Material Facts, comprising the universe of evidence it has relied upon in support of its motion.

After receiving two extensions of her filing deadline, Plaintiff filed her response to LPVEC's motion on August 10, 2015 – a Memorandum in Opposition (Doc. 38) and what she called her "Responses and Additions" to LPVEC's Statement of Undisputed Material Facts (Doc. 37). The "Additions" portion of that document consists of 89 paragraphs and relies on eight new pieces of evidence in addition to the evidence that was previously filed by LPVEC.

On August 28, 2015, LPVEC timely filed its Reply Memorandum (Doc. 39) and Response to Plaintiff's Statement of Additional Material Facts (Doc. 40). LPVEC did not make any new arguments or factual assertions, and did not attach any new evidence. Rather, LPVEC relied exclusively on the arguments and evidence that had already been presented to the Court, both in its reply brief and in its responses to each of Plaintiff's "additional" facts. On September 1, 2015, however, Plaintiff moved the Court for permission to file a response, arguing that LPVEC's reply brief "contains misstatements of fact and law that need to be addressed." (Doc. 41 at ¶ 1.) Plaintiff represented that her sur-reply would be limited to seven pages. (*Id.* at ¶ 2.) LPVEC did not oppose Plaintiff's motion, and leave to file the sur-reply was granted by the Court on September 18, 2015 (Doc. 42).

After obtaining yet another extension of her filing deadline, Plaintiff filed her Memorandum in Response to Defendant's Reply on October 2, 2015 (Doc. 46 (hereinafter, the "Sur-Reply")). The Sur-Reply is eight pages long (not the promised seven), and includes more than five pages of new factual assertions supported primarily by nine new pieces of evidence – a second "affidavit" by Plaintiff and eight documents that had not previously been filed with the Court, including two documents that were *never even produced during discovery.*[1]

---

[1] Plaintiff attached 10 new exhibits to her Sur-Reply (Exhibits A through J). Exhibits A, B and I (which contains two documents together) were already part of the summary judgment record (*see* Exhibits 31, 59, 62 and 70). The remaining seven exhibits consist of nine separate documents because Exhibit J contains three documents together.

## II. ARGUMENT

### A. Plaintiff's Sur-Reply Is Procedurally Improper

In the District of Massachusetts, a motion for summary judgment must be supported by a "concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation." Local Rule 56.1.  The non-moving party must then file an opposition to the motion supported by "a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." *Id.* "Copies of all referenced documentation shall be filed as exhibits to the motion or opposition." *Id.*

At that point in the briefing process, the evidentiary proffer is complete.  The moving party is allowed to file a reply brief, *see* Local Rule 56.1, and must respond to any new facts included in the non-moving party's statement (or risk having those facts deemed admitted), *see* Fed. R. Civ. P. 56(e).  But neither the Federal Rules of Civil Procedure nor the Local Rules allow parties to file a further statement of facts or to submit additional evidence beyond their initial proffers, and further briefing is permissible only by leave of court.  *See* Local Rule 7.1(b)(3).

In this case, these procedures had been complied with to the letter as of August 28, 2015, when LPVEC filed its reply brief and response to Plaintiff's "additional" facts.  Plaintiff then obtained permission to file a sur-reply, but the brief Plaintiff filed is not really a brief at all.  The "Argument" section of the Sur-Reply spans barely two pages, and while it addresses some of the case law LPVEC discussed in its reply brief, Plaintiff's arguments rely not on the factual assertions and evidence that were already part of the summary judgment record, but on a second

statement of additional facts (the first six pages of the "brief") supported by an additional evidentiary proffer (consisting of nine new pieces of evidence).

Without question, these improper submissions violate both the letter and the spirit of the applicable procedural rules. Those rules exist precisely to ensure that the parties' respective opportunities to support and oppose a motion for summary judgment are fair and balanced. The Sur-Reply upset that balance in this case, interjecting new factual issues and new evidence into the record after Plaintiff had already had her opportunity to (1) respond to LPVEC's factual assertions, (2) make her own factual assertions and (3) submit whatever additional evidence she felt was necessary to prove that summary judgment in this case is not warranted – and at a point in the briefing process where LPVEC would have no opportunity to respond. *See Mitsubishi Caterpillar Forklift Am., Inc. v. Superior Service Associates, Inc.*, 81 F. Supp. 2d 101, 106 n.2 (D. Me. 1999) ("This court's Local Rule 56 makes no provision for such an additional statement of facts to be submitted with a reply memorandum. . . . The defendants here seek essentially to place before the court asserted facts to which the plaintiff cannot respond. The court will disregard any factual statements by the defendants in this manner."). For these reasons alone, the Sur-Reply should be stricken or disregarded in its entirety.

B.     **Plaintiff's Sur-Reply Is Substantively Improper**

It is well settled in the First Circuit (and in courts across the country) that arguments and issues that are raised for the first time in a reply memorandum should not be considered by the court. *See, e.g., Johnson v. Indymac Mortg. Serv'g*, No. 12-10808-MBB, 2014 WL 1652594, at *5 n.14 (D. Mass. Apr. 22, 2014) ("Although a litigant may use a reply brief to clarify arguments previously made or to respond to an argument an opposing party raises in an opposition, ordinarily it is not appropriate to use a reply brief to raise a new argument."); *Del. County*

*Employees Retirement Fund v. Portnoy*, No. 13-10405-DJC, 2014 WL 1271528, at *9 n.6 (D. Mass. Mar. 26, 2014) ("The Court need not address substantive arguments raised in the Plaintiffs' reply that were available to them at the time they filed their motion and which do not respond to the arguments raised by the Defendants in their oppositions."); *Napert v. Gov't Employees Ins. Co.*, No. 13-10530-FDS, 2013 WL 3989645, at *2 n.4 (D. Mass. Aug. 1, 2013) ("Where, as here, a moving party raises an argument for the first time in a reply brief, that argument is waived."); *Noonan v. Wonderland Greyhound Park Realty LLC*, 723 F. Supp. 2d 298, 349 (D. Mass. 2010) (concluding that arguments raised for the first time on reply were waived, noting that "[t]he purpose of a reply memorandum is not to file new arguments that could have been raised in a supporting memorandum") (citing cases).[2]

The logic of this rule applies equally to arguments and evidence raised for the first time in a sur-reply memorandum. Indeed, if a party is permitted to include new arguments and evidence in *any* secondary submission – whether in a reply filed in support of a motion or in a sur-reply filed in opposition to a motion – the submission is no longer a "reply" at all. It becomes instead a second primary brief to which the other side likely has no opportunity to respond. That is precisely what occurred here.

One of the central legal and factual issues in this case is the applicability of the "cat's paw" theory to Plaintiff's discrimination and/or retaliation claims. Anticipating that Plaintiff would advance the theory, LPVEC raised and discussed it in its opening brief, first in connection with Plaintiff's discrimination claim and again in connection with her retaliation claim. In both

---

[2] *Accord Wills v. Brown Univ.*, 184 F.3d 20, 27 (1st Cir. 1999); *Grant v. News Group Boston, Inc.*, 55 F.3d 1, 7 (1st Cir. 1995); *White v. Meador*, 215 F. Supp. 2d 215, 226 n.7 (D. Me. 2002); *Conway v. Catholic Med. Ctr.*, No. Civ. 00-42-JD, 2001 WL 311203, at *2 (D.N.H. Mar. 26, 2001); *Andrews v. Emerald Green Pension Fund*, No. 98-436-P-H, 2000 WL 760729, at *5 n.6 (D. Me. Jan. 26, 2000); *Executive Risk Indemnity, Inc. v. Boston Reg'l Med. Ctr. (In re Boston Reg'l Med. Ctr.)*, 285 B.R. 87, 91 n.4 (Bankr. D. Mass. 2002).

arguments, LPVEC posited that the theory does not apply because Ms. McKenzie was the decision-maker and there is no evidence that her decision was influenced in any way by the purported unlawful motives of Ms. Wiblyi or Ms. Ross. (*See* Def.'s Br. at 12-13, 18-19.)

Plaintiff then responded. She presented her view of the "evidence" regarding Ms. Wiblyi's involvement in the events leading up to Plaintiff's termination – from early disciplinary matters, to Plaintiff's purported complaints of discrimination, to the investigation into the medicine cabinet incident, to the draft termination letter – and argued that this "evidence" is sufficient for the "cat's paw" theory to go to a jury. (*See* Pl. Opp. Br. at 12-15, 20-21.) In particular, she argued that she can prove the "cat's paw" theory merely by proving that Ms. Wiblyi was "involved" or "played a part" in Ms. McKenzie's termination decision. (*See id.* at 20-21 (citing *Ameen v. Amphenol Printed Circuits, Inc.*, 777 F.3d 63, 70 (1st Cir. 2015).)

This formulation of the "cat's paw" theory is incorrect. When LPVEC revisited the theory in its reply brief, therefore, it focused on refuting that argument. LPVEC did not introduce any new evidence or raise any new issues. Instead, LPVEC used Plaintiff's reliance on *Ameen* as a starting point, discovered that the language she quoted in her opposition brief does not even appear in that opinion, and made sure the Court had before it the correct legal standards, as discussed by the First Circuit in the *Ameen* decision. (*See* Def.'s Reply Br. at 15-18.) Based on those standards, LPVEC then explained that, even under the more lenient of the competing formulations of the "cat's paw" theory (the *Staub* version), mere "involvement" by the non-decision-maker is *not* enough – in fact, the non-decision-maker must have performed an act that (1) was intended to result in the plaintiff's termination and (2) was a proximate cause of that decision. (*See id.* at 16-17.) Finally, LPVEC reiterated its original argument that Ms. Wiblyi's

role was limited to collecting and providing information, and emphasized that this limited involvement does not rise to the level of proximate cause. (*See id.* at 17-18.)

When Plaintiff filed her Sur-Reply, she did not respond to LPVEC's reply – she used it as an opportunity to make an entirely new set of factual assertions. These "facts" span six pages, and are organized into a chronological catalogue of Ms. Wiblyi's supposed activities vis-à-vis Plaintiff from October 25, 2013, the date of the medicine cabinet incident, to November 5, 2013, when Plaintiff's termination letter was mailed. (*See* Pl.'s Sur-Reply Br. at 1-6.) Some of these "facts" were already part of the summary judgment record, but many of them were not, and those new "facts" are supported exclusively by nine new pieces of evidence that neither party had previously filed with the Court, let alone discussed, in connection with LPVEC's summary judgment motion. These "facts" are then followed by an argument, but the argument spans barely two pages, and relies exclusively on Plaintiff's new statement of facts: "Given Wiblyi's involvement in the events leading up to the termination of Weeks' employment, *evidenced in detail above*, it is clear that Wiblyi's discriminatory animus led her to find ways to end Weeks' employment which she accomplished on Friday, November 1, 2013." (*Id.* at 8.)

Obviously, LPVEC's reply brief left Plaintiff concerned that LPVEC had the stronger position on the "cat's paw" theory based on the existing summary judgment record, and led her to try to bolster her position by making new factual assertions based on new evidence meant to prove that Ms. Wiblyi was involved in the termination decision. However, the law does not allow Plaintiff to have a second bite at the apple, particularly not when that second bite involves evidence that LPVEC has never even seen before. For these reasons also, the Sur-Reply and its attachments should be stricken from the record or, at a minimum, disregarded by the Court.

### C. The Court Should Also Grant This Motion (and LPVEC's Fees) as Sanctions For Plaintiff's Failure to Produce Exhibits E and F During Discovery

Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; . . . and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

Fed. R. Civ. P. 37(c)(1). Among those possible "other appropriate sanctions" are an order "striking pleadings in whole or in part." *See* Fed. R. Civ. P. 37(b)(2)(A)(iii).

Exhibits E and F to the Sur-Reply appear to be a page from the LPVEC website that was printed on November 11, 2013 (indicating that an opening for a school nurse position was posted on October 30),[3] and a doctor's note Plaintiff received on or around October 30, 2013 – documents that Plaintiff clearly has had in her possession since the time of the events at issue in this case. Because she did not produce them during discovery,[4] LPVEC has not had an opportunity to test their authenticity, but on their face, these documents fit comfortably within LPVEC's document requests. (*See* Def.'s First Request for Production of Documents, Nos. 3, 4, 6, 7, 11, 23-25, 31, attached as Exhibit A.) As a result, Plaintiff's attempt to use these documents as evidence in opposition to LPVEC's summary judgment motion (in addition to the simple fact that she deprived LPVEC of an opportunity to use or follow up on this evidence

---

[3] Plaintiff's counsel made much of the timing of this job posting during oral argument (in apparent reliance on this document). (*See* Pl.'s Sur-Reply Br. at 4.) As Plaintiff noted in her Sur-Reply, however, Ms. McKenzie *instructed* Ms. Wiblyi to post the position, and she told her to post it as an "anticipated" opening. (*See* Pl.'s Sur-Reply Br. at 2 (citing Ex. 59 at 000273).) As a result, this newly-disclosed bit of evidence provides no support whatsoever for Plaintiff's theory that Ms. Wiblyi "found ways to end Weeks' employment." (*See id.* at 8.)

[4] LPVEC believes that these documents were not previously produced because, in addition to the fact that they are unfamiliar to LPVEC's counsel, Plaintiff stamped all of the documents she produced in this case with Bates numbers, and Exhibits E and F do not bear Bates numbers.

during discovery) is a sufficient basis in and of itself for the Court to strike the Sur-Reply and award LPVEC the attorneys' fees it incurred making this motion.

As noted above, such relief is expressly allowed under Rule 37(c)(1) as appropriate sanctions for a party's failure to disclose information during discovery. *See* Fed. R. Civ. P. 37(c)(1). And such sanctions are undoubtedly appropriate here. Indeed, because Exhibits E and F have plainly been in Plaintiff's possession since long before she even filed this lawsuit, her failure to produce them during discovery is not substantially justifiable, and given that she now seeks to rely on these documents to defeat summary judgment, her omission cannot be considered harmless. Additionally, LPVEC's decision to make this motion to strike was based in large part on this undisclosed evidence – it is one thing to ignore summary judgment procedures by trying to sneak new arguments into a sur-reply, but it is something else entirely to present long-held but undisclosed new evidence to the Court in a last ditch attempt to force a trial when that evidence could and should have been turned over during discovery. As a result, the costs of making this motion are costs that were "caused by" Plaintiff's failure to produce all responsive documents in her possession during discovery, as the Rules of Civil Procedure require.

### III.     CONCLUSION

For all the foregoing reasons, LPVEC respectfully requests that the Court grant its motion to strike Plaintiff's sur-reply memorandum and supporting exhibits, disregard the purported "facts" and arguments in those documents in their entirety when considering LPVEC's summary judgment motion, and award LPVEC the attorneys' fees it incurred making this motion.

Dated:  October 30, 2015                                             Respectfully submitted,

                                                       /s/ Erica E. Flores
Timothy F. Murphy, Esq.
BBO No. 556429
Erica E. Flores, Esq.
BBO No. 568682
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel: (413) 737-4753
Fax: (413) 787-1941
tmurphy@skoler-abbott.com
eflores@skoler-abbott.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I, Erica E. Flores, hereby certify that, on this 30th day of October, 2015, a true and accurate copy of the foregoing Defendant's Motion to Strike Plaintiff's Sur-Reply and the Exhibit thereto were filed electronically with the Clerk of the U.S. District Court for the District of Massachusetts through the ECF system and served upon the following counsel of record by transmission of the Notice of Electronic Filing:

Michael O. Shea, Esq.
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
owenshea@aol.com

      *Counsel for Plaintiff*

      /s/ Erica E. Flores
      Erica E. Flores, Esq.